UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RICKY RONNELL EWING                                                                      PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 1:15CV253-LG-RHW

RONALD WOODALL et al                                                                DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Plaintiff Ricky Ronnell Ewing, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging inadequate medical care for an eye injury that he sustained on September 10, 2013, after being assaulted by correctional officers while incarcerated at the Mississippi State Penitentiary. Doc. [1]. The Court conducted a screening hearing on April 27, 2016. *See* Minute Entry (4/27/2016). During the hearing, Ewing stated that he was not pursuing claims against Defendants Mukida Arrington and Melanie Byrd and he agreed to their dismissal from the lawsuit.

Ewing also has filed a motion for reconsideration of his criminal sentence. Doc. [19]. He requests that his sentence be reconsidered because he has served over half of his sentence and because he has been attacked by other inmates and correctional officers while in the custody of the Mississippi Department of Corrections (MDOC). He also requests that he be released from custody because of his medical condition. Ewing indicates that if released from incarceration and given $10,000 for his pain, he will dismiss the many lawsuits he currently has pending against MDOC. In the request for relief in his complaint, Ewing also asks that he be released with time served, $5,000 in his account, and that in exchange he will drop all of his pending lawsuits. Doc. [1] at 5.

Ewing's motion to reconsider is fundamentally misguided. He is serving a 23-year prison term pursuant to a conviction and sentence imposed by the Circuit Court of Clay County, Mississippi. *See Ewing v. Cooley et al*, 1:15cv381-HSO-JCG (Doc. [6] at 1). Ewing is trying to use civil rights litigation as leverage to negotiate an early release from prison. The named defendants in this case are all medical providers who lack the authority to grant Ewing an early release. Moreover, this Court does not have the authority to reconsider or commute the sentence imposed in state court. To the extent that Ewing seeks habeas relief from his state court conviction and sentence pursuant to 28 U.S.C. § 2254, he already has filed a petition for writ of habeas corpus, which is currently pending in federal court. *Ewing v. Cooley*, Civil Action No. 1:15cv381-HSO-JCG; *see Wilson v. Foti*, 832 F.2d 891, 892 (5th Cir. 1987)(holding that when inmate attacks duration of confinement, appropriate cause of action is habeas corpus petition). In the § 2254 proceeding, he requests the restoration of earned time and that he be freed based on time served. The undersigned finds that Ewing's motion for reconsideration of his criminal sentence should be denied because (1) a complaint filed pursuant to 42 U.S.C. § 1983 is not the appropriate vehicle for seeking early release from a criminal sentence; (2) the Defendants, who are all medical providers, do not have the authority to release Ewing from his sentence; (3) this Court does not have the authority to grant the remedy he seeks, and (4) to the extent that he seeks habeas corpus relief, Ewing already has a § 2254 petition pending in federal court..

## **RECOMMENDATION**

The undersigned recommends that Defendants Mukida Arrington and Melanie Byrd be dismissed with prejudice from the lawsuit and that Ewing's [19] Motion for Reconsideration be DENIED.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 2nd day of May, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE