UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RICKY RONNELL EWING                                                                    PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 1:15CV253-LG-RHW

RONALD WOODALL et al                                                                DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Plaintiff Ricky Ronnell Ewing, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging inadequate medical care for an injury to his left eye.  Plaintiff alleges that on September 10, 2013, while he was incarcerated at the Mississippi State Penitentiary (MSP), he received an injury to his left eye.  He further alleges that his eye is red, drips water all the time, and continues to hurt.  On June 11, 2014, Plaintiff was transferred to the South Mississippi Correctional Institution (SMCI).  He asserts that medical care at both MSP and SMCI has been inadequate.  The Court conducted a screening hearing April 27, 2016.  Defendants subsequently filed a motion for summary judgment.  Doc. [43].  Also pending before the Court are Plaintiff's motion for joinder of parties and motion to amend complaint.  Doc. [33] & [34].

**Motion for Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other

contested issues of fact are rendered immaterial. *See Celotex,* 477 U.S. at 323, 106 S. Ct. at 2552." *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burned of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978).

To state a constitutional claim for denial of adequate medical care, a plaintiff must demonstrate that defendants were deliberately indifferent to plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). The Constitution guarantee prisoners "only adequate, *not* optimal medical care." *Spriggins v. LaRavia*, 2012 WL 1135845, at *4 (E.D. La. Apr. 4,
2

2012)(emphasis in original), citing *Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

At the screening hearing, Plaintiff admitted that approximately three days after the injury, he was examined by Nurse Ford and was given a bandage, ointment, and ibuprofen. Doc. [43-2] at 10. Plaintiff also stated that he saw a doctor that same night and that x-rays were ordered. *Id.* Plaintiff further conceded that he has received treatment in the form of pain medication and eye drops and that he has been seen both by an optometrist at the jail and by an outside specialist. *Id.* at 11-14.

Plaintiff's allegation that he did not receive constitutionally inadequate medical care is refuted by the extensive record of treatment contained in his medical file. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995)("[m]edical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference."). The records confirm that Nurse Ford examined Plaintiff on September 10, 2013, the alleged night of the injury. Doc. [46-2] at 49-51. X-rays were ordered; Plaintiff's eye was bandaged; he was given ibuprofen; and ice was applied to the left eye. *Id.* Plaintiff received follow up examination and care the next day. *Id.* at 52-53. Dr. Burke examined Plaintiff's eye on September 13, 2013, found a corneal abrasion and treated it with patching and ointment. *Id.* at 55.

The records demonstrate that Plaintiff's treatment continued at MSP. Dr. Kim examined Plaintiff on September 20, 2013, who referred Plaintiff for an optometry exam. *Id.* at 58-59. Dr.

3

Lord conducted an optometry exam on October 17, 2013, and referred Plaintiff to an ophthalmologist. *Id.* at 64. Plaintiff also was examined on December 23, 2013, and January 31, 2014 by Nurse Brown and on February 21, 2014 by Dr. Burke. *Id.* at 80, 99, 111. Dr. Lord conducted another optometry exam on February 27, 2014. *Id.* at 113-14.

Plaintiff was transferred to SMCI in June 2014. On July 18, 2014, Plaintiff was examined by an ophthalmologist. *Id.* at 178-79. The ophthalmologist's report found no evidence of intraocular pathology but also found a possibility of posterior optic nerve trauma. Doc. [46-3] at 169. The ophthalmologist reported that he could not see anything wrong with the left eye. *Id.* According to the ophthalmologist, the scan looked good and he did not see any reason why Plaintiff was not able to see. *Id.* He recommending monitoring the eye for now and hopefully it will start to get better. *Id.* Following the ophthalmologist's report, Plaintiff continued to be examined regarding his eye condition by medical personnel at SMCI. Nurse Mittie Jordan examined him for left eye pain on August 13, 2014. *Id.* at 1. He was examined by a Nurse Practitioner Woodland for eye pain and redness on December 17, 2014. *Id.* at 77. At that time, Plaintiff was given ibuprofen for pain. *Id.*

Based on the foregoing, the undersigned finds that medical personnel have not been deliberately indifferent to Plaintiff's left eye condition. Plaintiff may be dissatisfied with the course of treatment and unhappy with the fact that his eye continues to give him trouble, but the medical records demonstrate no genuine issue of material fact as to whether medical personnel at MSP or SMCI were deliberately indifferent to his left eye injury. To the contrary, he has received ongoing treatment for symptoms and undergone examinations by an optometrist and ophthalmologist.

**Motion for Joinder/Motion to Amend**

With respect to Plaintiff's motion for joinder of parties and motion to amend, the undersigned finds that these motions should be denied. In the motion for joinder of parties, Plaintiff lists various medical personnel at SMCI that he would like to add as defendants to this case. Doc. [33]. He does not allege any facts against these individuals. He simply lists their names. In the motion to amend, Plaintiff merely requests an opportunity to present his evidence to the Court and to explain each exhibit to the Court. Doc. [34]. He does not offer any specific factual allegations on the issue of deliberate indifference and medical care for his eye injury. The motion to amend does not appear to add any new claims or factual allegations. None of the assertions in Plaintiff's motions alters the fact that the medical records demonstrate the absence of a genuine issue of material fact regarding his medical care. Accordingly, the undersigned finds that the motions should be denied.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendants' [43] motion for summary judgment be GRANTED and that Plaintiff's complaint be dismissed with prejudice as to all claims and all Defendants. The undersigned further recommends that Plaintiff's [33] Motion for Joinder and [34] Motion to Amend be DENIED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made;

5

the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 2nd day of November, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE